UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Van Carter, | ) | CASE NO. 5:16CV616 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| Hagens Berman Sobel Shapiro LLP, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | (Resolves Doc. 9) |

Pending before the Court is Defendant Hagens Berman Sobel Shapiro LLP's motion to transfer this matter to the Western District of Washington. The motion to TRANSFER is GRANTED.

I.  STATEMENT OF FACTS

In his complaint, Plaintiff Van Carter alleges that he entered into a written employment with Defendant law firm. Carter contends that the agreement provided that he was to be employed as "Of Counsel" for the Defendant law firm. In that role, Carter was to be responsible for a class action suit against General Electric. Carter claims he was entitled to a salary of $225,000 per year. Finally, Carter contends that his resignation would trigger the Defendant law firm to immediately pay him all sums that were due to him at the time of his resignation.

Carter contends that ultimately the Defendant law firm chose not to pursue the class action litigation. Carter does not specify a date or give details, but he contends that a separation event occurred with Defendant law firm that caused his benefits to become due and payable. Carter contends that the Defendant law firm has not made its payments in compliance with the

employment agreement. Carter also raises a second count, defamation, that relies upon an alleged email sent by someone at Defendant law firm.

## II. LEGAL STANDARD AND ANALYSIS

Defendant law firm seeks to have this matter transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). In ruling on this motion, the Court must consider six factors: "the convenience of the parties and witnesses," the accessibility of evidence, "the availability of process" to make reluctant witnesses testify, "the costs of obtaining willing witnesses," "the practical problems of trying the case most expeditiously and inexpensively" and "the interests of justice." *Reese*, 574 F.3d at 320 (citations omitted).

> A colleague on this Court has explained the analysis as follows:
>
> District courts vary in their enumeration of the specific factors to consider when ruling on a motion to transfer pursuant to § 1404(a), but such factors can include: (1) the plaintiff's choice of forum, (2) the residence of the parties, (3) the nature of the suit, (4) the place where events took place, (5) the possibility of inspecting the premises, (6) the ease of access to sources of proof, (7) the location of material witnesses, (8) the availability of compulsory processes for the attendance of those witnesses, (9) other problems that may contribute to litigation expenses, (10) the local interest in deciding the controversy locally, (11) the burden of jury duty on the community, and (12) the congestion of court dockets. From this variation, it is clear that there is no definitive list of private and public factors in the 1404(a) calculus. Courts need not discuss every factor that may influence the balance of conveniences and the interest of justice, but rather should focus their analysis on those factors that are particularly relevant to a given transfer determination.

*Schindewolf v. Seymour Constr., Inc.*, 2010 WL 2290803, at *7 (N.D.Ohio June 3, 2010) (citations, quotations, and alterations omitted).

Several of the factors above are balanced and do not aide the Court's review. For example, Carter resides in Ohio, but the Defendant law firm is based in Seattle, Washington. As such, the residence of the parties does not sway the Court's decision. The nature of the suit suggests that Washington is a more appropriate and convenient venue. Carter's primary claim is the breach of an employment contract. Given that the employer, the Defendant law firm, does not maintain any office in Ohio, the nature of the proceeding suggests it should be litigated in Washington.

Carter, however, contends that many of the events took place in Ohio. In fact, Carter contends in his declaration that the parties intended for him to complete his work from his residence in Ohio. Carter's assertion is contradicted by the plain language of the employment agreement. The agreement states: "In your capacity as 'Of Counsel,' you will be provided with the usual and customary infrastructure and support services, included, but not limited to, secretarial support, [and] an office at a mutually acceptable location *from our existing office locations* at which you may work, etc." Doc. 12-2 at 1 (emphasis added). It is undisputed that the Defendant law firm does not maintain any office in Ohio. Carter counters any argument based upon this language by citing to later language in the agreement that provides: "As we discussed, we will reimburse you for business related T&E included trips to Seattle, when we request that you come to our offices." Doc. 12-2 at 3. Carter contends that if the parties intended him to work out of an office in Seattle, this language would be superfluous.

At a minimum, the employment agreement contemplates that Carter's work will in some capacity revolve around the firm's office in Seattle, Washington. Whether this Court were to

3

find that Carter was required to work in that office or visit that office upon demand, the office still plays a central role in his employment.

Many of the remaining factors do not warrant consideration in this matter. No premises will be required to be inspected. There are no issues regarding compulsory process. There will be no burden on a jury in either district, and there is no congested court docket in either district. With respect to witnesses, Carter is located in Ohio and claims that the primary other party, Steve Berman, is located in Washington. However, Carter ignores that any records that do exist will be in the custody of his then-employer, the Defendant law firm. While those records may exist electronically, they will no doubt be produced in paper form at some point to facilitate discovery and deposition practice.

Moreover, this Court finds the local interest in resolving this matter weighs in favor of transfer. Carter sought out and accepted employment with a law firm based in Washington. The litigation he sought to assist the firm with had no connection to Ohio. In fact, it appears that the agreement contemplated international litigation in Japan – litigation that would be aided by the Defendant law firm being based in Seattle, Washington. As such, there is a much stronger local interest in Washington than Ohio.

While transfer may be a close call in this matter after giving due deference to Carter's choice of forum, the Court still finds that the factors support transfer. At its core, this is an employment dispute between an employer and an employee. While the parties' agreement may have allowed Carter to complete some of his work in Ohio, the agreement clearly contemplated that the employer could compel Carter's appearance in Washington at any time by providing him reimbursement for his costs. Accordingly, the Court finds that for the convenience of parties

and witnesses and in the interest of justice, this matter should be transferred to the Western District of Washington.

The Court will not address the motion to dismiss as it believes that matter should be resolved by the Court receiving the transfer of this matter.

### IV. CONCLUSION

Defendant's motion to transfer is GRANTED. This matter is hereby transferred to the Western District of Washington.

IT IS SO ORDERED.

Date: March 15, 2017                                */s/ John R. Adams*
                                                             Judge John R. Adams
                                                             UNITED STATES DISTRICT COURT